US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**JUN 29 2016**

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16-CR-20002-001 |
| | ) | |
| DAVID HARPER | ) | |

### PLEA   AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

#### COUNT OF CONVICTION

1.    The defendant, **DAVID HARPER,** hereby agrees to plead guilty the One-Count Indictment, charging the defendant with knowingly crossing a state line with the intent to engage in a sexual act with a person who had not attained the age of 12 years of age and attempting to do such, all in violation of Title 18, United States Code, Section 2241(c).

#### CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

2.    The defendant acknowledges that he has been advised and understands that he has a right to have a United States District Judge presiding when he enters a guilty plea and that he can exercise that right without concern or reservation. The defendant and the United States hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure incident to the making of the plea to be conducted by the United States Magistrate Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea of guilty be

accepted, a presentence investigation and report will be ordered pursuant to Federal Rule of Criminal Procedure 32. The defendant acknowledges that his plea of guilty is subject to approval and acceptance by the District Judge and that sentencing will be conducted by the District Judge

## AGREEMENT REGARDING FORFEITURE

4.      The defendant, DAVID HARPER, hereby agrees to forfeit all rights, title and interest to the following items which were seized on January 25, 2016:

> 1.  Samsung Tablet Model: SM-P550, S/N R52G40QTKLR
> 2.  Samsung Phone Model: SM-N900V, SKU:   SMN900VZKE, IMEI: 990004446143491

The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture

a.  The defendant consents to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea.   The defendant further agrees that upon entry of the preliminary order of forfeiture, such order will be considered final as to defendant's interests in the properties.   The defendant agrees to immediately withdraw any claims to properties) seized in connection with this case in any pending administrative and civil forfeiture proceeding, and consents to the forfeiture of all properties seized in connection with this case to the United States.   The defendant agrees to execute any and all documents requested by the United States to facilitate or complete the forfeiture processes.   The defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case.

b.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

c.  The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant also agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

5.      The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge. Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty pleas in this matter.

Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty pleas may proceed forthwith.

### ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

6.      The defendant has fully discussed with defense counsel the facts of this case and the elements of the crimes to which the defendant is pleading guilty.   The defendant admits that he has committed each of the elements of the crimes to which the defendant is pleading guilty, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a.      On August 21, 2015, a detective with the Fort Smith Police Department had an undercover profile on a website intended for users interested in discussing such taboo fetishes as incest and bestiality.   In her profile, the detective posed as a single mother of two fictitious children, a nine year daughter and an eight year old son.   On August 21, 2015, the defendant sent the detective a message on the website asking her what she was open to and looking for.   The detective replied that she was looking for "someone to train [her] daughter."

b.      The defendant had a profile on the website under the user name "jdholveck" that stated: "I'm a pervert (I love the whole incest scene as well as the [transsexual] scene.   Find me a mother and [transsexual] daughter that want to play together and I'd be in heaven)."   The defendant told the detective that his name was JD Holveck and lived in Henderson, Nevada.

4

c.      On September 16, 2015, the defendant was chatting with the detective when he stated "I will dream of you sitting on my c***[1], [your daughter] sitting on my face and [your son] enjoying your mouth." He also sent the detective a picture of himself.

d.      On October 7, 2015, the defendant sent a message to the detective stating, "should have funds to see you in the next couple of months." On October 18, 2015, he sent a message to her stating, "Would love to be watching you and your son going at it while I tease your daughter. Then you can watch.   Maybe even we can watch the kids.   Then all 4 of us going at it."

e.      On November 4, 2015, he asked the detective during a chat: "You want me to make love to your daughter right?" He also asked her "Do you [want] me to use protection?   Or do you want to have her pregnant by me?"

f.      On December 8, 2015, the defendant reached out to the detective and sent her a series of messages stating, "Once the money comes in, then I'm planning on a few trips out to see you and the kids and see if everything melds together. . . So would you like to be double teamed between your son and I at some point? We can improvise.   Get you and or [your daughter] a strap on rig and see what we can do with everything. . . Teach the kids how to have really kinky style of fun."

g.      The defendant sent the detective a message on December 8th asking her, "What's the nearest airport from you?"  She replied, "there is one in Fort Smith, AR… only about 15 minutes away."  The defendant then told her, "Okay not too bad.   American seems to fly from Vegas to Fort Smith regularly with a stop in DFW."

h.      On December 13, 2015, the defendant reached out to the detective and sent her message stating, "Looks like my distribution won't be until after Christmas, so let's set time in

---

[1] Statement edited due to graphic content.

5

early to mid-January for me to come out and visit for a couple of 3 days." On January 8, 2016, the defendant sent a message to the detective stating, "I can get to Fort Smith around 1pm on the 18th… that work?" The detective replied, "That would be perfect… that would give us a couple of hours and then off to get the kiddos." "The defendant later stated, "figured [your daughter] will have to feel me out a bit. Don't know what you've shared or told her about me. So figured we'd get to know each other and figure out what is comfy for her. And for everyone. But yes, figured we could all snuggle on the couch or in bed, pop in some porn and see what happen. . . What's [your daughter]'s favorite?"

 i. Law enforcement confirmed that an individual lived in Henderson, Nevada who had the same date of birth as provided by the defendant. This person's name was David Harper. A driver's license picture for David Harper matched pictures that the defendant had sent of himself to the undercover detective.

 k. On January 12, 2016, law enforcement confirmed that the defendant had purchased a plane ticket and was scheduled to travel on American Airlines Flight Number 5623 from Dallas, Texas to Fort Smith, Arkansas, arriving at 12:53 P.M. on Monday, January 18, 2016.

 l. On Friday, January 15, 2016, the defendant sent the detective a text message stating that he was ill with the flu and unable to travel. He stated that he had changed his ticket to Monday, January 25, 2016. Law enforcement confirmed that the defendant did pay a fee to change his plane ticket to travel on January 25, 2016.

 m. On January 25, 2016, the defendant boarded American Airlines Flight 672 from Las Vegas, Nevada to Dallas, Texas and traveled to the Dallas/Fort Worth Airport. From there, he traveled on American Airlines Flight 5623 to Fort Smith, Arkansas, on that same day. In doing

6

so, he crossed the Texas/Arkansas state line, along with having crossed several other state lines during his plane travel that day. At approximately 1:00 p.m., the defendant arrived at Fort Smith Regional Airport located in Fort Smith, Arkansas, which is in the Western District of Arkansas. The defendant was identified and taken into custody at the airport.

  n.  After his arrest, the defendant was interviewed by law enforcement on January 25, 2016. He was advised of and waived his *Miranda* rights, agreeing to speak with law enforcement. The defendant admitted to having purchased a plane ticket to travel from Nevada to Arkansas for the purpose of engaging in sex acts with the undercover officer and her two children. During the interview, the defendant was asked what he expected to happen when traveling to meet the undercover detective in Arkansas. The defendant stated, "If sex happened, it did. But it mostly was just being together as a family. If it was watching mom and son going at it and cuddling the girl... and then mom saying okay this is how you need to do this and eventually teaching her how to do it. Yeah, that probably would have eventually happened but that would have had to take time and trust. . . The history that [the undercover detective] put, I thought the girl was comfortable with sexuality, and then, yeah, would have taken little steps here and there."

  p.  Based on the evidence as set forth above, the government could prove that DAVID HARPER knowingly crossed the Arkansas/Texas state line with the intent to engage in a sexual act with what he believed were a nine-year-old girl who had not attained the age of 12 years.

## ADVICE OF RIGHTS

  7.  The defendant hereby acknowledges that he has been advised of and fully understands the following constitutional and statutory rights:

     a.  to have an attorney and if the defendant cannot afford an attorney, to have one provided to him and paid for at government expense;
     b.  to persist in his plea of not guilty;

     c.     to have a speedy and public trial by jury;
     d.     to be presumed innocent until proven guilty beyond a reasonable doubt;
     e.     to confront and examine witnesses who testify against him;
     f.     to call witnesses on his behalf;
     g.     to choose to testify or not testify and that no one could force the defendant to testify; and,
     h.     to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

8.     The defendant hereby acknowledges that he understands with respect to the one-count Information to which he pleads guilty, he thereby WAIVES all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

9.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

10.     The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## EFFECTS OF BREACH OF
## THIS AGREEMENT BY DEFENDANT

11.     The defendant agrees that if after signing this plea agreement, if the defendant commits any crimes, violates any conditions of release, or fails to appear for a change of plea or

8

sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the defendant violates any term of this plea agreement, takes a position prior to his change of plea or sentencing which is contrary to the terms of this plea agreement or otherwise attempts to withdraw from this plea agreement after signing such, this shall constitute a breach of this plea agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the defendant. The defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the court.

12.    The defendant further agrees that a breach of any provisions of this plea agreement shall operate as a WAIVER of defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to use and to introduce into evidence any one or more of the following:

    a.    admissions against interest, both oral and written, made by the defendant to any person or contained in this agreement;

    b.    statements made by the defendant during his change of plea hearing;

    c.    the factual basis set forth in the plea agreement;

    d.    any testimony given under oath in these proceedings or to a grand jury or a petit jury;

    e.    any and all physical evidence of any kind which the defendant has provided to the government; and,

    f.    any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

13.    The defendant hereby acknowledges that he has been advised of the maximum penalties for each count to which he is pleading guilty. By entering a plea of guilty to the

one-count Indictment, the defendant agrees that he faces the following penalties:

a. a maximum term of imprisonment for life;
b. a mandatory minimum term of imprisonment for 30 years;
c. a maximum fine of $250,000;
d. both imprisonment and fine;
e. a term of supervised release for any term of years not less than five or life pursuant to 18 U.S.C. § 3583(k) which begins after release from prison;
f. a possibility of going back to prison if the defendant violates the conditions of supervised release;
g. a special assessment of $100.00
h. a special assessment of $5,000 pursuant to 18 U.S.C. § 3014; and
i. restitution as ordered by the court.

**CONDITIONS OF SUPERVISED RELEASE**

14. The Defendant acknowledges that if a term a supervised release is imposed as part of the sentence, the defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the court. The standard conditions of supervised release are as follows:

a. The defendant shall not leave the judicial district without the permission of the court or probation officer.
b. The defendant shall report to the probation officer in the manner and frequency as directed by the Court or the office of Probation.
c. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
d. The defendant shall support his or her dependents and meet other family responsibilities.
e. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
f. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
g. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
h. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
I. The defendant shall not associate with any persons engaged in criminal

10

activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

j.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

k.    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

l.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court, and

m.    The defendant shall -- as directed by the probation officer -- notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## DEFENDANT'S ACKNOWLEDGMENT OF
## REQUIREMENT TO REGISTER AS A SEX OFFENDER

15.    I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

## AGREEMENT TO PROVIDE FINANCIAL INFORMATION

16.   The defendant agrees that no later than thirty (30) days after the change of plea, the defendant shall complete the financial disclosure statement and the accompanying releases provided by the United States Attorney's Office and deliver them to the United States Probation Office and the United States Attorney's Office.–This financial disclosure statement is sworn by the defendant to be true and correct under penalty of perjury.. The defendant agrees that his/her failure to truthfully and fully complete the financial disclosure statement and accompanying releases may result in the government objecting to the defendant receiving a reduction for acceptance of responsibility.

## NO OTHER CHARGES

17.   The government agrees that no other federal charges, which stem from the activities described in the one-count Information, will be brought against the defendant in the Western District of Arkansas.

## SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

18.   The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

19.   The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case.  The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not

12

bind the district court.  Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties.  In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

20.     At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

21.     In the event that it is determined that the defendant has not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

22.     The government agrees not to object to a recommendation by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility.  If the offense level in the Presentence Report is 16 or greater and the court accepts a recommendation in the Presentence Report that defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However,

13

the Government will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following  a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the Government, the Court or probation officer, or d) materially breaches this plea agreement in any way.

## GOVERNMENT'S RESERVATION OF RIGHTS

23.     Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

a.     make all facts known to the probation office and to the court;
b.     call witnesses and introduce evidence in support of the Presentence Report;
c.     contest and appeal any finding of fact or application of the Sentencing Guidelines;
d.     contest and appeal any departure from the appropriate Guideline range; and,
e.     defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the government in this plea agreement which are favorable to the defendant.

## NO RIGHT TO WITHDRAW THE GUILTY PLEA

24.     The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  As a result, if the court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

## AGREEMENT NOT BINDING ON THE COURT

25.     The parties agree that nothing in this agreement binds the district court to:

a.     make any specific finding of fact;
b.     make any particular application of the Sentencing Guidelines;

14

       c.      hand down any specific sentence;

       d.      accept any stipulation of the parties as contained in this plea agreement; and,

       e.      accept this plea agreement.

26.    The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

## AGREEMENT DOES NOT BIND ANY OTHER ENTITY

27.    The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

## SPECIAL ASSESSMENT

28.    The defendant agrees to pay $100 as the special assessment in this case.

29.    Upon conviction, unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000 must also be imposed per count of conviction occurring after May 29, 2015 pursuant to 18 U.S.C. § 3014.

## REPRESENTATIONS BY DEFENDANT

30.    By signing this plea agreement, the defendant acknowledges that :

       a.      The defendant has read this agreement (or has had this agreement read to him) and has carefully reviewed every part of it with defense counsel.

       b.      The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.

       c.      No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.

       d.      The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.

       e.      The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

## REPRESENTATIONS BY DEFENSE COUNSEL

31.    By signing this plea agreement, counsel for the defendant acknowledges that:

   a.    Counsel has carefully reviewed every part of this agreement with the defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the defendant.

   b.    Counsel has explained the ramifications of the plea agreement to the defendant, and believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.

   c.    Counsel believes that the defendant's decision to enter into this agreement is an informed and voluntary one.

## PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

32.    The defendant and his attorney both acknowledge that this plea agreement

constitutes the entire agreement of the parties. Further, all parties agree that there are no oral

agreements or promises which have been made to induce the defendant to change his plea to guilty.

16

Dated this __13__ day of __June__, 2016

DAVID HARPER
Defendant

JAMES PIERCE
Attorney for Defendant

KENNETH ELSER
ACTING UNITED STATES
ATTORNEY

By:
ASHLEIGH BUCKLEY
Assistant U.S. Attorney

17