IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

VS.                             No. 2:16-CR-20002-PKH-MEF

DAVID HARPER                                                                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed May 29, 2018. (ECF No. 36). The United States has not been directed to file a response, and none is necessary.

**I. Background**

On January 27, 2016, Defendant, David Harper ("Harper"), was named in a one count Indictment charging that he knowingly crossed a State line with the intent to engage in a sexual act with a person who had not attained the age of 12 years of age and attempted to do such, all in violation of 18 U.S.C. § 2241(c). (ECF No. 4). Harper appeared for arraignment on January 27, 2016, at which time he entered a plea of not guilty to the Indictment. (ECF No. 8). The Court appointed James B. Pierce ("AFPD Pierce"), Assistant Federal Public Defender, to represent Harper. (ECF Nos. 8, 10). Harper waived the issue of detention, and he was ordered detained and remanded to the custody of the United States Marshal Service. (ECF Nos. 8, 11).

On June 29, 2016, Harper appeared with counsel before the Hon. P. K. Holmes, III, Chief United States District Judge for the Western District of Arkansas, for a change of plea hearing. (ECF No. 19). Pursuant to a written Plea Agreement, Harper pleaded guilty to the one count Indictment charging him with knowingly crossing a State line with the intent to engage in a sexual act with a

person who had not attained the age of 12 years of age and attempting to do so, all in violation of 18 U.S.C. § 2241(c). (ECF Nos. 19, 20). The Court accepted Harper's guilty plea and ordered a presentence investigation. (ECF No. 19).

Harper appeared for sentencing on November 17, 2016. (ECF No. 30). The Court imposed the statutorily required minimum sentence of 360 months imprisonment, five years supervised release, no fine, and a $100.00 special assessment. (Id.). Judgment was entered by the Court on November 18, 2016. (ECF No. 32). Harper did not pursue a direct appeal from the Judgment.

On March 2, 2018, Harper filed Defendant's Motion for Extension of Time to File His Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255. (ECF No. 34). An Order denying the motion was entered on March 5, 2018. (ECF No. 35).

Despite the Court's Order denying an extension of time to file a motion pursuant to 28 U.S.C. § 2255, on May 29, 2018 Harper filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (ECF No. 36).

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to

collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Harper's motion and the files and records of this case conclusively shows that Harper's motion is untimely, and the denial and dismissal of his motion without an evidentiary hearing is recommended.

## Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Judgment in this case was entered on November 18, 2016. Had Harper wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Harper did not file an appeal, and his conviction thus became final on December 2, 2016. *See Murray v. United States*, 313 F. App'x 924

(8th Cir. 2009). From that date, Harper had one year, until December 2, 2017, to timely file his § 2255 habeas petition.

On March 2, 2018, three months after the one year limitation period had passed, Harper filed Defendant's Motion for Extension of Time to File His Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255. (ECF No. 34). In it, Harper sought an extension to May 17, 2018 to file his § 2255 motion, stating that "he has just recently become aware that his Conviction/Sentence was obtained under a Constitutional violation that resulted in the Fundamental Miscarriage of Justice and/or incarceration of an ACTUALLY INNOCENT Defendant." (ECF No. 34, p. 1) (emphasis in original). He argues his filing deadline has not yet been reached "according to his understanding of 28 U.S.C. § 2255(f)(4), 'The date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.'" (Id.). He alleges he "needs the additional time to research his recent discovery," and that his ability to access a law library is limited. (Id.).

In denying Harper's motion for an extension of time to file a § 2255 motion, the Court noted that Harper provided no details to support his allegation of a constitutional violation, and that because Harper admitted to facts that establish his guilt, and made no attempt to withdraw that admission, he is not "actually innocent." (ECF No. 35, p. 2). The Court also observed: Harper made no allegation that the government unconstitutionally or unlawfully prevented him from filing a timely § 2255 motion; Harper did not allege a new right recognized by the Supreme Court and made retroactive to cases on collateral review; and, Harper provided no details to support a claim under 28 U.S.C. § 2255(f)(4). (ECF No. 35, p. 3). Ignoring the Court's Order, Harper nevertheless filed his § 2255 Motion on May 29, 2018, nearly six months after the limitations period expired.

In *Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3, (W.D. Mo. Jan. 26, 2010) (unpublished), a § 2255 motion was dismissed where the motion was filed one day out of time. "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day [or here, nearly six months] may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [Harper] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Accordingly, unless either statutory or equitable tolling applies, Harper's § 2255 Motion was not timely filed and should be dismissed.

## Statutory Tolling is Not Applicable

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action. 28 U.S.C. § 2255(f)(2).

Relying on 28 U.S.C. § 2255(f)(2), Harper contends that the one year limitation period "began on August 17, 2017, when he arrived at Marion - USP."[1] (ECF No. 36-1, p. 9). Harper asserts he was in transit centers from the date of his sentencing on November 17, 2016 until he arrived at Lompoc - USP on January 3, 2017, and that "[a]ccess to the law library computers is exceedingly difficult during transit ... due to over-crowding and the time constraints placed on

---

[1] Harper alleges that Marion - USP is a Sex Offender Management Program ("SOMP") prison, an institution where sex offenders are safe from other prisoners. (ECF No. 36-1, p. 9).

inmates at holdover facilities ..." (ECF No. 36-1, p. 8). He further alleges that upon his arrival at Lompoc - USP on January 3, 2017, he was threatened with bodily harm, requested protective custody, and was placed in a Specialty Housing Unit ("SHU") until another transfer on March 13, 2017. (Id.). After another month of transit, he was sent to FCI - Florence, where he was once again threatened and housed in the SHU. He alleges that upon his return to general population he was assaulted, suffered a concussion and other injuries, and placed back in the SHU until his transfer to Marion - USP on August 17, 2017. (ECF No. 36-1, pp. 8-9). He further alleges that one aspect of life in the SHU is brief access to the law library computer. (ECF No. 36-1, p. 9). He contends "the BOP's designation process placed [him] in an untenable situation that equals a governmental impediment to making his Motion under 28 U.S.C. § 2255." (Id.).

Harper's contention is undermined by BOP regulations for the operation of Special Housing Units. *See* 28 C.F.R. § 541.20, *et seq*. Inmates placed in SHUs are "securely separated from the general population, and may be housed either alone or with other inmates." 28 C.F.R. § 541.21. Inmates housed in SHUs are either in administrative detention status or disciplinary segregation status. 28 C.F.R. § 541.22. Even while housed in a SHU, the Warden shall provide such inmates "a means of access to legal materials, along with an opportunity to prepare legal documents," and the Warden "shall allow an inmate in segregation or detention a reasonable amount of personal legal materials." 28 C.F.R. § 543.11(j). Additionally, "[t]he Warden shall give special time allowance for research and preparation of documents to an inmate who demonstrates a requirement to meet *an imminent court deadline*. 28 C.F.R. § 543.11(i) (emphasis added).

Considering the regulations mentioned just above, Harper fails to adequately explain how he was prevented from working on his motion while housed in the SHU at Lompoc and Florence.

He does not assert that the Wardens at Lompoc and Florence denied him access to his legal materials and the opportunity to prepare legal documents. Nor does he state that he requested the Wardens at Lompoc and Florence to give him special time allowance for research and preparation of documents to meet an imminent court deadline, or that any such requests were refused by the Wardens. Finally, he does not allege that the actions of the BOP in designating his facility, transporting him, and housing him in a SHU were in violation of the Constitution or laws of the United States. Harper's allegations are insufficient to establish an impediment, created by governmental action in violation of the Constitution or laws of the United States, which prevented him from making a timely motion.

Additionally, Harper does not dispute that he was able to immediately begin working on his motion upon his transfer to Marion - USP on August 17, 2017. Given the time frame Harper provided, this left him with approximately three and one-half months to prepare and timely file his motion.

For these reasons, there is no basis for application of statutory tolling under 28 U.S.C. § 2255(f)(2) to extend the one year limitations period. Therefore, unless equitable tolling applies, the motion was not timely filed and should be dismissed.

### Equitable Tolling is Not Applicable

The Eighth Circuit has held that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491

F.3d 424, 427 (8th Cir. 2007).  "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

For the same reasons that statutory tolling under 28 U.S.C. § 2255(f)(2) is inapplicable to this case, Harper has not alleged any extenuating circumstances beyond his control that would have prevented a timely filing.  His conclusory allegation that "the BOP's designation process placed [him] in an untenable situation that equals a government impediment to making his Motion" is insufficient to establish any factual basis to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be summarily dismissed.

### III.  Conclusion

For the reasons discussed above, Harper's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 36) is untimely, and it is recommended that the motion be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of June 2018.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE