IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                              No. 2:16-CR-20002

DAVID HARPER                                                        DEFENDANT

## OPINION AND ORDER

The Court has received a report and recommendation (Doc. 38) from United States Magistrate Judge Mark E. Ford. The Defendant has filed objections. The Magistrate recommends that the Court deny Defendant's motion to vacate. The Court has conducted de novo review of those portions of the report and recommendation to which Defendant has objected. 28 U.S.C. § 636(b)(1).

Pursuant to 28 U.S.C. § 2255(f), the Magistrate finds that Defendant's motion to vacate is untimely and recommends that it be dismissed with prejudice. Defendant objects that the Magistrate incorrectly applied subsections (f)(2) and (f)(4) to Defendant's motion, and that his motion is timely under either of those provisions. A motion to vacate is timely under § 2255(f)(2) if it is filed within one year of "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." A motion to vacate is timely under § 2255(f)(4) if it is filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Defendant objects that his motion is timely under § 2255(f)(2). Defendant argues that he was detained in local holding facilities or transfer centers for over a month following his sentencing, and that upon his arrival at his permanent facility, he was threatened and requested

protective custody. He was placed in the specialty housing unit, where he remained for a month before being transferred to a separate facility. He was then threatened at the new facility and placed in the specialty housing unit. Following a determination by BOP that there was no credible threat, he was returned to the general population, assaulted, and then placed back in the specialty housing unit until his transfer to yet another facility, USP Marion, where he could be housed in general population without incident. Defendant argues that during his detention in the specialty housing units, his law library access was curtailed both because limited computer access is given on a first-come, first-served basis and because Defendant required protection to visit the library. Defendant argues that his 1-year period should run from the point at which he arrived at USP Marion on August 17, 2017.

In some cases, the absence of library access may be an impediment under 28 U.S.C. § 2255(f)(2). *Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013). The determination depends on facts and often requires an evidentiary hearing. *Id.* at 779. Because whether Defendant's lack of access to a law library in this case requires closer analysis of the facts, the report and recommendation is rejected.

No evidentiary hearing or further proceedings are necessary in this case, however, because even if Defendant's motion to vacate is timely, the facts alleged, if true, do not justify relief. *See Smith v. United States*, 618 F.2d 507, 510 (8th Cir. 1980). Defendant alleges that he received ineffective assistance of counsel from his appointed attorney because his attorney advised him to take the offered plea agreement rather than going to trial and because his attorney, in communicating with the Government to see whether they would oppose a motion for a psychological evaluation, mentioned that an evaluation would be helpful to avoid issues that might arise in a 28 U.S.C. § 2255 hearing.

A defendant moving to have his sentence vacated for ineffective assistance of trial counsel on the basis that the defendant relied on trial counsel's bad advice to take a plea bargain must show prejudice. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) ("In order to satisfy the 'prejudice' requirement [of *Strickland v. Washington*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Showing that there is a reasonable probability that he would have insisted on going to trial depends in large part on the defendant showing that the outcome following trial would have been different. *See United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014).

Harper makes no such showing. He makes no claim of actual innocence. He cites no evidence that might have cast reasonable doubt on the Government's case. He merely argues that, since he was effectively facing a life sentence whether he received the mandatory minimum or the maximum sentence, whether or not he took a plea agreement was immaterial and he might as well have taken his chances at trial. This speculation is insufficient to demonstrate prejudice.

Similarly, Defendant cannot show prejudice flowing from trial counsel's mention of § 2255 in asking the Government to agree to a psychological evaluation. The mention shows only that trial counsel was aware of his constitutional duty to provide effective assistance of counsel to Defendant. Furthermore, trial counsel's negotiation tactic was successful, as the Government did not oppose Defendant's motion for a psychological evaluation, and this Court ultimately granted the motion.

Because Defendant cannot show prejudice caused by either of the grounds he cites for his ineffective assistance of counsel claims, he cannot meet his burden and his motion to vacate, even if timely, must be denied. No evidentiary hearing is necessary. Because Defendant has not shown that jurists of reason could disagree with this resolution, no certificate of appealability should issue.

IT IS THEREFORE ORDERED that the report and recommendation (Doc. 38) is REJECTED.

IT IS FURTHER ORDERED that Defendant's motion to vacate (Doc. 38) is DENIED and his petition is DISMISSED WITH PREJUDICE. No certificate of appealability shall issue.

Judgment will be entered accordingly.

IT IS SO ORDERED this 30th day of July, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE