UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      No. 2:16-CR-20002

DAVID HARPER                                                                                DEFENDANT

## OPINION AND ORDER

Defendant David Harper filed a motion (Doc. 44) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c).  He also filed a supplement (Doc. 45) to correct an error in the original filing and provide additional information to the Court.  No response has been filed, but none is necessary.  The motion will be denied.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification.  18 U.S.C. § 3582(c).

On June 29, 2016, Defendant pled guilty to knowingly crossing a state line with intent to engage in a sexual act with a person younger than 12, in violation of 18 U.S.C. § 2241(c).  On November 17, 2016, the undersigned sentenced Defendant to 360 months of imprisonment and 5 years of supervised release—the mandatory minimum terms of each.

The motion will be denied in this case because the § 3553(a) factors do not support modification of Defendant's sentence.  In particular, the nature and circumstances of his crime and the need to protect the public from further misconduct weigh heavily against reduction.  Between August 2015 and January 2016, Defendant communicated with an undercover detective posing as

the single mother of a nine-year-old daughter and eight-year-old son. The communications revolved around Defendant traveling to Fort Smith to engage in sexual activity with the detective and her daughter, with the aim of grooming both children into a long-term sexual relationship with Defendant, the detective, and each other. Definite plans were made for the first encounter, and despite evidence that Defendant was concerned he might be part of a law enforcement sting, he purchased a ticket and flew to Fort Smith, where he was arrested. Furthermore, on a prior, unrelated occasion, Defendant expressed concern to a friend of his that he should not be around her young grandchildren. Given the nature of Defendant's crime and his recognition of his own proclivity coupled with his willingness to act on it, the public remains in danger from even a minimal risk of his recidivism. Because Defendant has not served a more substantial portion of his sentence, protecting the public weighs more heavily against reduction than it otherwise might.

IT IS THEREFORE ORDERED that the motion (Doc. 44) is DENIED.

IT IS SO ORDERED this 9th day of October, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE