**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **CASE NO. 2:16-CR-20002**

**DAVID HARPER** **DEFENDANT**

**ORDER**

Currently before the Court are Defendant David Harper's Motion for Compassionate Early Release (Doc. 47), the Government's Response in Opposition (Doc. 50), and Mr. Harper's Reply (Doc. 51). Mr. Harper submits three reasons for his early release that he believes to be extraordinary and compelling. First, he contends that his elderly mother is incapacitated and he is the only available caregiver. Second, he claims that his health conditions and age have substantially diminished his ability to provide self-care. Lastly, he believes he has shown "remarkable rehabilitation." (Doc. 47, p. 25).

On November 17, 2016, Mr. Harper was sentenced after pleading guilty to knowingly crossing state lines with the intent to engage in a sexual act with a person under twelve years old in violation of 18 U.S.C. § 2241(c). *See* Doc. 32. Mr. Harper was sentenced to 360 months imprisonment, which reflected both the guideline range and statutory maximum. *See* Doc. 33.

The Government contends that Mr. Harper has not exhausted his administrative rights. The Government suggests that they have no evidence that the letter to the warden attached to the Motion was actually submitted to the warden for consideration. But Mr. Harper maintains he did submit it. *See* Doc. 51, p. 3. Assuming the letter was submitted,

the Government next argues that the letter only mentioned family circumstances and not the other reasons (health of the defendant and rehabilitation), so the other reasons were not properly exhausted. Under 18 U.S.C. § 3582(c)(1)(A) a defendant may only bring a motion for reduction in sentence "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

The Court need not address these issues, though, because even if the Court were to assume Mr. Harper exhausted his claim, the Motion fails to describe an extraordinary and compelling circumstance justifying early release. The Sentencing Commission has identified five categories of "extraordinary and compelling reasons" that justify early release. *See* U.S.S.G. § 1B1.13(b)(1)–(4). The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* The fifth category is a "catch all" comprising a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). In the instant Motion, Mr. Harper argues he is entitled to early release under the first, second, third, and fifth categories.

Mr. Harper's first argument for release is that he is experiencing deteriorating physical and mental health, due in part to his advanced age. Mr. Harper is only fifty-nine years old, which in the Court's view is not elderly. He claims he suffers from obstructive

sleep apnea, hypertension, persistent depressive disorder, and hip arthritis. *Id.* at pp. 15–16. Despite this, no evidence has been provided by Mr. Harper that any of these conditions substantially diminish his ability to provide self-care. Moreover, he does not allege that he has received inadequate medical care, nor that the quality of his care has dramatically worsened his medical conditions. Accordingly, no reduction in sentence is warranted on this basis.

Mr. Harper's second argument is that his mother, who is approaching eighty years old, suffers from a history of ovarian cancer, diabetes, and atrial fibrillation. The "incapacitation" of a defendant's family member may provide grounds for early release, provided that the defendant is "the only available caregiver for such family member." *See* U.S.S.G. § 1B1.13(b)(3)(D). Mr. Harper has not provided any medical records or similar evidence to show his mother's incapacitation. Moreover, by his own admission "she presently remains marginally independent[.]" *See* Doc. 47, p. 20.

Additionally, even assuming his mother is incapacitated, Mr. Harper has failed to meet his burden of showing he is the only available caretaker. He contends that his father and sister, who were "previously the anticipated caregiver[s]," are now deceased. *Id.* Even so, he has failed to establish that there are no other available family members to assist with his mother's caregiving. Moreover, there is no evidence that anyone in the family has sought home-healthcare options for caregiving. Though the Court sympathizes with Mr. Harper's family as the task of providing elder care can be very challenging, the circumstances here are not extraordinary and compelling and do not warrant early release.

Lastly, Mr. Harper contends that he has demonstrated "remarkable rehabilitation" after taking numerous classes, including GED course work and vocational training. *Id.* at p. 25. He has also maintained an exemplary institutional record with no incident reports. Though Mr. Harper is to be commended for his efforts to rehabilitate himself in prison, such efforts are not extraordinary and compelling and do not, in and of themselves, justify early release.

**IT IS THEREFORE ORDERED** that the Motion for Compassionate Early Release (Doc. 47) is **DENIED**.

**IT IS SO ORDERED** on this 10th day of August, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE